1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

| | |
|---|---|
| CALVIN CUMMINGS, an individual , <br><br> Plaintiff, <br><br> vs. <br><br> JOHN DOE 1-10, Individuals and SAFEWAY, INC., a foreign profit corporation. <br><br><br> Defendant(s). | No. 21-2-08976-0 <br><br> COMPLAINT FOR PERSONAL INJURIES AND DAMAGES |

COMES NOW the Plaintiff, CALVIN CUMMINGS, by and through his attorneys of

record, Barry J. Wallis and Cambria Queen, of the Wallis Law Firm, PLLC, and for a cause of

action against the above named Defendant as follows:

## I. PARTIES

1.1    Plaintiff, CALVIN CUMMINGS, at all times material to this cause of action, was

a resident and resided in King County, Washington.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 1 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone: (253) 272-1245
Fax: (253) 572-9215

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

1.2     Defendants, SAFEWAY, INC., upon information and belief, at all times material

hereto is a foreign for profit corporation licensed to do business in United States, Washington,

organized pursuant to law, and was actively conducting business in King County, Washington.

1.3     Defendants, JOHN DOE 1-10, upon information and belief, were employed by

and acting on behalf of their employer, SAFEWAY, INC.

1.4     Defendant, SAFEWAY INC., as the employer of the remaining Defendants, is

vicariously liable for all acts of Defendants JOHN DOE 1-10 alleged herein.

## II. JURISDICTION AND VENUE

2.1     Jurisdiction:  The superior courts of the State of Washington have jurisdiction

over the parties to and the subject matter of this litigation;

2.2     Plaintiff, CALVIN CUMMINGS, is a resident of Auburn, King County,

Washington;

2.3     Personal jurisdiction exists over Defendants SAFEWAY, INC., and JOHN DOES

1-10, as the "tortious act" and omissions giving rise to and causing the Plaintiff's injury claims

occurred in King County, Washington and because the Defendant, SAFEWAY, INC., conducts

business in Kent, King County, Washington.  RCW 4.28.185(1)(b) and 4.28.185(1)(a).

2.4     Venue:  Venue is properly placed in King County, Washington for this is the

county where the incident occurred pursuant to RCW 4.12.020(3) and because Defendant

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 2 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone: (253) 272-1245
Fax: (253) 572-9215

transacts business in King County, Washington.  Venue is also proper pursuant to RCW

4.12.025(1)(a).

### III.FACTS

3.1     Paragraphs 1.1 through 2.4 above are incorporated herein by reference.

3.2     Date:  The fall occurred on or about October 28, 2018.

3.3     Invitee:  At all times relevant and material to this lawsuit, Plaintiff, CALVIN

CUMMINGS, was a customer of SAFEWAY, INC., and frequented the premises for the purpose

of shopping for goods.

3.4     Details:  On or about October 28, 2018, Plaintiff CALVIN CUMMINGS, went to

the Safeway store located at 13101 SE Kent-Kangley Road, Kent, Washington 98030, to get

some groceries.  Prior to this date Calvin Cummings had surgery and his shoulder was in a sling

so he was unable to push a shopping cart.  Calvin had to utilize one of Safeway's mobilized

scooters with a wire basket in front.  There were no warning signs on or around the scooter,

except one which prohibited placing children in the basket.  Calvin rode the scooter around the

store to do his grocery shopping for approximately 20 minutes without any issues.  He remained

on the scooter the entire time, even at the cash register.

3.5     Calvin remained on the scooter as he exited Safeway in order to load his groceries

into his friend's vehicle as his friend pulled up to the curb by Safeway's exit door.  To his

complete surprise, when Calvin Cummings stepped off the scooter, it tipped over, and Calvin's

bad shoulder hit a square shaped pillar, and Calvin's head hit the ground.  Calvin immediately

felt excruciating pain in his left shoulder, left ankle, and head after the fall.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 3 of 11

**WALLIS LAW FIRM, PLLC**
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215



3.6     Two Safeway employees, herein referenced as JOHN DOE 1-10 were outside

when the scooter failed.  One of the employees went in to get the manager, herein referenced as

JOHN DOE 1-10, who came out to help Calvin and provide him with Safeway's insurance

information.

3.7     Plaintiff was seen at Multicare Emergency Care in Covington, Washington.  X-

rays and a CT scan were taken.  Over the next month, Calvin's symptoms persisted and he had a

significant loss of function in his shoulder, his doctor ordered an MRI.  MRI results revealed a

failure of the rotator cuff repair after this fall with retearing of the supraspinatus, infraspinatus,

and subscapularis with significant retraction of the tendons.  It appeared to Calvin's doctors that

the tears were likely irreparable.  She referred Calvin to a specialist who recommended the best

treatment option for Calvin was a reverse TSA (total shoulder arthroplasty).  Further

examinations revealed a left shoulder massive cuff tear with subscapularis deficiency and

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 4 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215

pseudoparalysis. Calvin's shoulder felt extremely weak, had very little function, was extremely

painful and felt like it was going to slip in and out of place. He was unable to move it or use it.

It was affecting all his daily life activities. Left with no other options and extremely frustrated

with the persistent pain he was experiencing and his failure to respond to alternative non-surgical

methods, Calvin agreed to have the surgery.

   3.8  On November 6, 2019, Calvin underwent surgery for a left shoulder arthroscopic

debridement and removal of foreign bodies and revision subscapularis repair. During the

surgery, the surgeon noted the subscapularis was completely torn, the supraspinatus and

infraspinatus were also fully torn with retraction medial to the glenoid.



   3.9  Calvin's post-operative treatment included sling immobilization, anti-

inflammatories, ice and activity restriction, physical therapy, strengthening and stretching

exercises. Calvin has made very slow progress with his healing, and his doctor felt it was highly

unlikely Calvin would be able to return to full time work with King County Metro.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 5 of 11

**WALLIS LAW FIRM, PLLC**
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone: (253) 272-1245
Fax: (253) 572-9215

3.10    Calvin's future prognosis and treatment is unknown at this time.  The unnecessary

fall and events following caused severe physical and psychological damage and emotional

distress to Plaintiff CALVIN CUMMINGS.

3.11    Plaintiff CALVIN CUMMINGS suffered personal injuries, including, but not

limited to, completely torn subscapularis, suprasinatus and infraspinatus shoulder tendons,

shoulder pain and ankle pain, significant pain and suffering, months of treatment, loss of earning

capacity and severe physical and emotional distress.  All of these injuries were a direct and

proximate cause of the Defendants' tortious conduct.

## IV. TORTIOUS CONDUCT AND PROXIMATE CAUSE

4.1    Plaintiff, CALVIN CUMMINGS, re-alleges and incorporates by reference

paragraphs 1.1 through 3.11.

4.2    Duties of SAFEWAY, INC., on the date of the alleged occurrence, SAFEWAY,

INC., was under the ownership, control, and supervision, management, care and maintenance of

itself and the other defendants.  The Defendant, directly and through its agents, servants and

employees, owed Plaintiff a duty to provide and maintain safe premises for the benefit of its

invitees. It is undisputed that Plaintiff was an invitee.  Washington's Supreme Court defined a

business invitee in *McKinnon v. Washington Fed. Sav. & Loan Ass'n*, 68 Wn.2d 644, 649, 414

P.2d 773 (1996) as follows:

> [O]ne who is either expressly or impliedly invited onto the premises of another
> for some purpose connected with the business in which the owner or occupant
> is then engaged.  To qualify as an invitee or business visitor  under this
> definition, it must be shown that the business or purpose for which the visitor
> comes upon the premises is of actual or potential benefit to the owner or
> occupier thereof.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 6 of 11

**WALLIS LAW FIRM, PLLC**
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215

1

2     A landowner's duty to a business invitee requires the land owner to use ordinary care to

3     maintain the premises in a reasonably safe condition.  Washington courts have adopted the

4
      Restatement (Second) of Torts §343 (1965) with regard to a landowner's duty to an invitee.  It
5
6     provides:

7         A possessor of land is subject to liability for physical harm caused to his/her
          invitees by a condition on the land if, but only if, he/she
8
9         (a) Knows or by the exercise of reasonable care would discover the condition, and
              should realize that it involves an unreasonable risk of harm to such invitees, and
10
11        (b) Should expect that they will not discover or realize the danger, or will fail to
              protect themselves against it, and
12
          (c) Fails to exercise reasonable care to protect them against danger.
13
14      See also *Tincani v. Zoological Society*, 124 Wn.2d 121, 138, 875 P.2d 621 (1994).

15      The duty owed to a tenant and/or invitee has been further explained as follows:

16        [A tenant and/or invitee] enters upon an implied representation or assurance that
          the land has been prepared and made ready and safe for his reception.  He is
17        therefore entitled to expect that the possessor will exercise reasonable care to make
          the land safe for his entry, or for his use for the purposes of the invitation.  He is
18        entitled to expect such care not only in the original construction of the premises,
19        and any activities of the possessor or his employees which may affect their
          condition, but also in inspection to discover their actual condition and any latent
20        defects, followed by repair, safeguards, or warnings as may be reasonably
21        necessary for his protection under the circumstances.

22      *Mucsi v. Graoch Associates Ltd. Partnership No. 12*, 144 Wn.2d 847, 855, 31 P.3d 684

23      (2001); *Degel v. Majestic Mobil Manor, Inc.*, 129 Wn.2d 43, 53, 914 P.2d 728 (1996);

24
        Restatement (Second) of Torts §343 cmt. b.
25

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 7 of 11

**WALLIS LAW FIRM, PLLC**
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215

The duty owed to an invitee and/or tenant is more than passively refraining from negligent acts. The **possessor and/or landlord has a duty of affirmative conduct,** requiring he or she to exercise reasonable care to inspect and repair the premises. *McCutcheon v. United Homes Corporation*, 79 Wn.2d 443, 445, 486 P.2d 1093 (1971); *Tincani*, 124 Wn.2d at 139. This constitutes an affirmative duty to discover dangerous conditions. *Edge-Nessen v. Crystal Mountain*, 43 Wn.2d 127, 132, 600 P.2d 1214 (1980). As the owner or occupier, Safeway Inc., had a duty to exercise ordinary care to maintain in a reasonably safe condition those portions of the premises that such person was expressly or impliedly invited to use or might reasonably be expected to use. Additionally, Safeway, Inc., failed in its duty to its invitees and is liable for Plaintiff's injuries caused by the condition of the motorized scooter on their premises.

4.3    Breach: Defendant, SAFEWAY, INC., breached their duties to the Plaintiff as set forth in paragraphs 3.1 through 4.2.

4.4    Within Scope of Employment: The employees and manager of SAFEWAY, INC. were employees of SAFEWAY INC. and was operating within his/her scope of employment at the time of Plaintiff's fall incident. Defendant is vicariously liable for the actions and inactions of its employees to maintain safe equipment for customer use, particularly the manager in charge of the Safeway store where the incident occurred.

4.5    Proximate Cause: Plaintiff CALVIN CUMMINGS injuries were a direct and proximate cause of multiple potential sources of tortious conduct of SAFEWAY, INC., including, but not limited to, breach of its duties as set forth in paragraphs 3.1 through 4.4. Depending on the weight and admissibility of the specific facts of this claim; this case may be

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 8 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone: (253) 272-1245
Fax: (253) 572-9215

legally defined as a personal injury claim, a premises liability claim, one or partially any of these claims, or all of these claims.

4.6   Tortious Conduct:  SAFEWAY, INC., is a corporation having an independent duty of care to its invitees.  A corporation can act only through its officers, employees, and agents.  Any act or omission of an employee, or agent is the act or omission of the corporation. Failure to exercise such care is negligence.  SAFEWAY, INC., acting through it's officers, employees or agents, owed their customer, Plaintiff CALVIN CUMMINGS, a duty of care to protect Plaintiff from foreseeable harm while shopping and at their facility.  On or about October 28, 2018, Defendants breached their duty of care when they failed to protect Plaintiff CALVIN CUMMINGS by maintaining the portions of their premises, specifically the motorized scooter, that Plaintiff CALVIN CUMMINGS was expressly or impliedly invited to use or might reasonably be expected to use.  Additionally, SAFEWAY, INC., failed in its duty to its invitee, Plaintiff CALVIN CUMMINGS, and is liable for Plaintiff's injuries, caused by the condition of the motorized scooter on their premises.

4.7   Negligent Infliction of Emotional Distress:  As a direct result of Defendant's willfull, knowing and intentional acts, Plaintiff CALVIN CUMMINGS has suffered severe emotional and mental anguish.

4.8   Any or all of the above are potential elements of tortious acts or conduct on behalf of Defendant SAFEWAY, INC.  If any of the elements set forth above are found to be inappropriate to the claimed cause of action, plaintiff reserves the right to amend any element or rely upon remaining elements.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 9 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215

## V.  NO COMPARITIVE FAULT

5.1    Plaintiff is without negligence of any kind or nature whatsoever in this case and did not contribute to his own injuries or damages in any way.

## VI.  RESERVATION OF RIGHTS

6.1    Plaintiff CALVIN CUMMINGS hereby reserves the right to amend this Complaint and/or the Defendants identified herein as allowed by statute, court rule, and case law and as additional facts are obtained through ongoing investigation and discovery.

## VII.  LIMITED MEDICAL WAIVER

7.1    Plaintiff CALVIN CUMMINGS hereby waives the physician-patient privilege ONLY to the extent required by RCW 5.60.060, as limited by the plaintiff's constitutional rights of privacy, contractual rights of privacy, and the ethical obligation of physicians and attorneys not to engage in *ex-parte* contact between a treating physician and the patient's legal adversaries.

## VIII.  CLAIMS AND DAMAGES

8.1    As a direct and proximate result of the tortious acts and omissions of Defendants, Plaintiff CALVIN CUMMINGS was injured, suffered and continues to suffer physical disability and pain, emotional trauma, medical expenses, and other damages.

WHEREFORE, Plaintiff prays for judgment against the Defendants, jointly and severally, in an amount to be proven at trial that will compensate Plaintiff for all damages sustained.

## VIIII.  PRAYER FOR RELIEF

Plaintiff humbly requests a judgment against Defendants as follows:

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 10 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone:  (253) 272-1245
Fax:  (253) 572-9215

1.    That plaintiff be awarded general and special damages against defendants in an

amount to be proven at trial for the defendants tortious acts and omissions, including negligent

infliction of emotional distress, to include past and future medical expenses and other health care

expenses; past and future loss of earnings; permanent partial impairment of earnings and earning

capacity; past and future physical, mental and emotional pain and suffering; past and future

permanent partial disability; loss of enjoyment of life and for reduction of life expectancy; past

and future special damages; and interest calculated at the maximum amount allowable by law,

including prejudgment interest; and other recoverable non-economic damages.

2.    For a judgment against the Defendants of liability in favor of the Plaintiff against

the Defendants; an award of damages in favor of the Plaintiff against the Defendants in an

amount to be proven at the time of trial;

3.    For attorney's fees, costs, and disbursements;

4.    For such other and further relief as the Court deems just and equitable.

DATED this __8TH__ day of July, 2021.

WALLIS LAW FIRM, PLLC

Barry J. Wallis, WSBA #37425
Cambria Queen, WSBA #54833
Attorneys for the Plaintiff

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
Page 11 of 11

WALLIS LAW FIRM, PLLC
1101 Fawcett Avenue, Suite 300
Tacoma, Washington 98402
Telephone: (253) 272-1245
Fax: (253) 572-9215